# 7246

NO. 7246                           STATE OF LOUISIANA

W. E. PATTERSON

    VS                           COURT OF APPEAL

ELMER CANDY CO, Incorporated        PARISH OF ORLEANS.

33

By his Honor, John St. Paul.

This is a suit for eleven months salary said to be due under an alleged contract of employment and a discharge without cause.

Plaintiff alleged that on December 16, 1916 he offered to enter defendant's employ for the year 1917 at $100 per month and expenses. That on February 12, 1917 his proposition was accepted by defendant. That after such acceptance defendant attempted to change the nature of the employment to a commission basis; and on March 20th discharged plaintiff without cause.

To this petition defendant filed an exception of no cause of action, at the trial of which it was agreed that all the correspondence between the parties should be filed and "considered as part of the petition."

The trial judge maintained the exception and plaintiff appeals.

It is clear from the above that the question presented by the exception of no cause of action is not whether the bare recitals of the petition show a right to recover, but whether the correspondence now part of the petition, show such right. And we agree with the District judge that it does not.

On February 13th, the very day on which a telegram from plaintiff offered to close the agreement, defendant wrote that it expected to pay a commission and expenses but no salary. And on February 20th, plaintiff wrote " x x I stated I would take your line under the impression my proposition of December 16 (salaried) was accepted by you x x I have no objection to working on a commission basis because I know I can earn the salary asked for. If you will give me a contract for 1917, agreeing to furnish expenses, I will start out at once x x".

Thereafter, from February 23 to March 9th the correspondence was entirely with plaintiffs brother (acting for plaintiff)  the

substance  of which shows that plaintiff was away from his home, and was undecided whether to accept defendant's proposition. And asking an advance of two weeks expense# money in case he accepted, to be returned if he did not.

On March 10th plaintiff himself wrote "In the absence of anything definite from you regarding my representing you at the first of present year, I took a line (from another manufacturer). It was only a temporary arrangement pending something definite from you. I have a few points to make and will then return. Will take up your proposition on Commission basis, you advancing my actual travelling expenses and charging same against my commissions. There will be no big business until time to take orders for Wall and holiday seasons x x. Having received my brother's services on more than one occasion to travel for me x x would suggest, if you prefer to go out at once with your line, I can wire him to take line making Eastern B. C. by which time I can join him and take line in balance of N. C. x x If this meets your approval, wire me x x x. This suggestion will enable you to have your line out at once."

Meanwhile this letter from plaintiff himself crossed a letter of March 9th, from defendant refusing the advance asked by plaintiff's brother and stating that if the proposition made to plaintiff did not meet his approval he should return the samples.

This latter was answered by one from plaintiffs brother, dated March 14th in which he refers to that part of the correspondence set up in the petition, declares that the full correspondence has been submitted to plaintiff lawyer "who informs me that Mr. Patterson can help you to the contract made on a salary basis", and that plaintiff is on his way home, and is ready and waiting to start out "under the above contract as soon as expense# money is received.

Upon receipt of this letter defendant broke off the correspondence, and this suit followed.

As we appreciate this correspondence, whatever may have been plaintiffs' rights at first, none the less he was not disposed to insist upon them. He was evidently unable or unwilling to start out for plaintiff at once, but was quite willing to take up the employment later on on a commission basis, and if defendant wanted some one at once he suggested that his brother might take his place.

It shows very clearly that plaintiff himself never at any time considered himself in the employ of defendant, bound to give them his time in return for a salary which they owed him, but on the contrary felt himself free to continue his other employment and dispose of his own time as his own interests suggested.

In our opinion the contract relied upon never went into effect.

Judgment Affirmed.